State, Banghart et al., Pros., v. Sullivan, Collector of Lebanon.

---

THE STATE, DAVID H. BANGHART ET AL., PROSECUTORS, v. DENNIS SULLIVAN, COLLECTOR OF TAXES OF LEBANON TOWNSHIP, IN THE COUNTY OF HUNTERDON.

1. The certificate upon which a school tax is assessed must show how the money ordered to be raised is to be apportioned.
2. The material facts set forth in the certificate must be verified by the oath of the clerk.

On *certiorari.*

Argued at June Term, 1872, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the plaintiffs, *A. V. Van Fleet.*

For the defendant, *G. A. Allen.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The assessment removed into this court by the relators purports to have been made upon the inhabitants of Rocky Run school district No. 11, in the township of Lebanon, in the county of Hunterdon, in the year 1870, by virtue of a certificate of the district clerk under section eighty of the school law. (*Nix. Dig.* 879.)[*]

The adjudicated cases have established certain propositions which must rule the controversy.

*First.* That the certificate is the only authenticated evidence that the tax has been authorized.

*Second.* That the certificate must show on its face that the law has in all respects been complied with, so that not only the assessor may know that his warrant emanates from the proper source, but also that the tax payer may know that he is lawfully assessed.

*Third.* That the particular purpose for which the money is raised must be specified in the certificate. *State* v. *Hardcastle,* 2 *Dutcher* 143; *S. C.,* 3 *Ib.* 551; *State* v. *Garrabrant,* 3 *Vroom* 444; *State* v. *Greenleaf,* 5 *Ib.* 442.

The certificate in question declares that by the necessary two-thirds vote the trustees were authorized to procure land in said district and erect thereon a new school-house, and to raise for such purpose the sum of $400 by taxation.

This certificate is defective in failing to show how much was to be appropriated to the purchase of land, and how much to the erection of the building. The power of apportionment was in the voters alone.

[*] *Rev., p.* 1085, § 87.

State, Banghart et al., Pros., v. Sullivan, Collector of Lebanon.

The sum voted being small, it is manifest that the design was that but a small portion, if any of it, should be devoted to the purchase of land, but in the absence of any expression of the will of the district on that subject, the greater part of it might be applied to the purchase of land, and thus the tax payers defeated in their purpose to have a school-house erected. It is the right of the tax payer to have the specific object for which he is to be burdened expressly declared, so that when the money is raised there can be no contention as to the direction in which it must go.

It is insisted also, that the certificate is defective, because it does not contain a description of the territorial boundaries of the district.

The inhabitants of the district have no power at their meeting, either to change or establish such limits, and therefore their certificate with regard to it, would be of no value. The assessor, in making the imposition, must ascertain the limits within which it is to be laid, in the same way that he acquires other facts necessary to be known in the discharge of his duties.

A third reason assigned for reversal is, that the certificate is not properly verified by the affidavit of the district clerk.

Section 80 of the school law provides, that in case any money shall be ordered by a vote of two-thirds of said meeting to be raised by taxation, the district clerk shall make out and sign a certificate thereof, under oath or affirmation, that the same is correct and true. The material facts set forth in the certificate must be verified by the oath of the clerk. The only fact attested in this affidavit, is that the statement of the amount of tax voted to be raised for the purpose therein stated, is correct and true. This is not a compliance with the statute.

Being of opinion, that for the reasons stated, the assessment must fall, it is not necessary to consider other grounds relied upon by the prosecutors.

CITED in *State, Lamb, pros.,* v. *Hurff,* 9 *Vr.* 310; *State, Slack, pros.,* v. *Palmer,* 10 *Vr.* 250; *State, Corrigan, pros.,* v. *Duryea,* 11 *Vr.* 266; *Trustees* v. *Padden,* 15 *Vr.* 151.